## VAN v. MADDEN.

(Supreme Court, Appellate Division, Third Department. November 10, 1909.)

1. Costs (§ 275*)—Condition on Granting Relief—Time for Payment—Order Served by Mail.

Where an order providing for the payment by defendant of costs within 20 days after service of the order as a condition for granting relief, and in case costs were not paid within 20 days plaintiff could enter an order striking out the answer, was served by mail, defendant had, under Code Civ. Proc. § 798, 40 days in which to pay the costs, and an order striking out the answer before the expiration of the 40 days is premature.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 1044; Dec. Dig. § 275.*]

2. Costs (§ 275*)—Condition on Granting Motion—Costs of Motion.

An order denying a motion for judgment on defendant's counterclaim, with $10 costs, and granting the motion of defendant to put the case over the term, with $10 costs, and stating that the costs should be paid within 20 days as a condition for granting the relief, and that in case the costs were not paid within 20 days plaintiff could enter an order striking out the answer, required the payment by defendant of $10 costs on account of the case going over the term, and the $10 costs of motion for judgment were ordinary motion costs, collection of which was adequately provided for by law.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 1044; Dec. Dig. § 275.*]

Appeal from Special Term, Fulton County.

Action by Pearl Van against George Madden. From an order denying a motion to set aside an order, made without notice, striking out the answer, defendant appeals. Reversed.

See 132 App. Div. 535, 116 N. Y. Supp. 1115.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

N. Frank O'Reilly, for appellant.

William H. Bass (Clarence W. Smith, of counsel), for respondent.

JOHN M. KELLOGG, J. At the Fulton county Trial Term this case was upon the calendar, and the defendant's motion for judgment upon his counterclaim was denied, with $10 costs. The plaintiff moved the case for trial, and thereupon the defendant moved to put it over the term, which motion was granted, with $10 costs to the plaintiff. One order covered both matters, and concluded as follows:

"It is further ordered that the said costs herein be paid to the plaintiff or his attorney within 20 days after the entry and service of this order, as a condition for granting the relief herein allowed, and in case said costs are not paid within the said 20 days, plaintiff may enter an order striking out the defendant's answer herein."

This order was served by mail February 4, 1909. On the 26th of February defendant's attorney mailed the plaintiff's attorney his check, in which it was stated, "Motion costs of Van v. Madden, sending case over Trial Term," and in the letter inclosing the check he says he incloses the $10 allowed as a condition for sending the case over the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

term, inclosing in said letter a notice of appeal from that part of the order denying his motion for judgment on the counterclaim.   March 1st plaintiff's attorney replied:

"I received your letter Saturday night containing check for $10; said check providing that it be in settlement for motion costs in the above matter, sending the case over the Trial Term.   It bears date February 27th, and not numbered."

He indorsed, used, and collected the check, and in the same envelope inclosed a Special Term order, made without notice, striking out the defendant's answer.   From an order refusing to vacate that order, this appeal is taken.

The original order having been served by mail, the plaintiff had 40 days' time in which to pay the costs imposed upon him as a condition for putting the case over the term.   Code Civ. Proc. § 798.   The order striking out the answer was therefore prematurely granted.

The correspondence and the check show that both the plaintiff's and defendant's attorneys interpreted the order as requiring a payment of $10 on account of the case going over the Trial Term, and that is not an unreasonable interpretation of the order.   The $10 costs of the motion for judgment upon the counterclaim were ordinary motion costs, the collection of which are adequately provided for by law.   The term fee for putting the case over the term was a payment then due, and which was required to make the order effectual.   A credit of 20 days was given for the payment, and to protect the rights of the defendant in case of nonpayment, and substantially to restore him in the position in which he was at the time the case was ordered over the term.   Defendant's answer was to be dismissed in case he failed to pay such term fee.   The provision of the order is highly penal, and should be strictly construed, and, in view of the construction evidently placed upon it by the parties, there is no difficulty in saying that the condition in the order applies only to the payment of the term fee.

The order appealed from should therefore be reversed, with $10 costs and printing disbursements, and the motion to vacate the order striking out the defendant's answer should be granted, with $10 costs. All concur.